UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------X
DELROY FRANCIS,

             Plaintiff,

    -against-

PETER FLORES,
DANIEL BRONSON,
MICHAEL McCORMICK and
JAMES VONDRACEK,

            Defendants.
----------------------------------X

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

      Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of Defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

      1. That at all times herein mentioned, Plaintiff was and is a citizen of the State of New York.

      2. That at all times herein mentioned, Plaintiff was an incarcerated individual in the care, custody, and control of the New York State Department of Corrections and Community Supervision (DOCCS).

      3. That at all times herein mentioned, Plaintiff was housed at Elmira Correctional Facility (Elmira), in Elmira, NY.

      4. That at all times herein mentioned, Defendant Peter Flores (Flores) was a correction officer employed by DOCCS at Elmira.

      5. That at all times herein mentioned, Flores was acting within the course and scope of his employment as a DOCCS correction officer.

      6. That at all times herein mentioned, Flores was acting under color of state law.

7. That at all times herein mentioned, Defendant Daniel Bronson (Bronson) was a correction sergeant employed by DOCCS at Elmira.

8. That at all times herein mentioned, Bronson was acting within the course and scope of his employment as a DOCCS correction sergeant.

9. That at all times herein mentioned, Bronson was acting under color of state law.

10. That at all times herein mentioned, Defendant Michael McCormick (McCormick) was a correction officer employed by DOCCS at Elmira.

11. That at all times herein mentioned, McCormick was acting within the course and scope of his employment as a DOCCS correction officer.

12. That at all times herein mentioned, McCormick was acting under color of state law.

13. That at all times herein mentioned, Defendant James Vondracek (Vondracek) was a correction officer employed by DOCCS at Elmira.

14. That at all times herein mentioned, Vondracek was acting within the course and scope of his employment as a DOCCS correction officer.

15. That at all times herein mentioned, Vondracek was acting under color of state law.

16. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of Plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

17. That venue is proper in the Western District of New York, which is where the events underlying this lawsuit occurred.

## **THE FACTS**

18. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

19. At all times herein mentioned, Plaintiff was housed in the I-Block, 7 Gallery, at Elmira.

20. On July 3, 2022, Flores observed Plaintiff inside his cell in the I-Block, 7 Gallery, using a cellular phone, which was considered contraband for those incarcerated at Elmira.

21. After observing Plaintiff using the cellular phone, Flores directed Plaintiff to hand over the cellular phone, but Plaintiff refused.

22. Instead, Plaintiff began breaking the phone into pieces, and attempting to flush the pieces down the toilet inside his cell.

23. After being only partially successful in flushing down pieces of his cellular phone, Plaintiff abandoned his effort.

24. Flores then directed Plaintiff to assume the position to be handcuffed, and Plaintiff complied by placing his hands behind his back and backing up to the cell door so that Flores could place handcuffs on Plaintiff through the feed-up slot of the cell door.

25. After Plaintiff was handcuffed, his cell door was cracked open.

26. After Plaintiff's cell door was opened, several officers, including Flores, McCormick, and Vondracek, together with Sergeant Bronson, rushed into Plaintiff's cell.

27. After the group rushed into Plaintiff's cell, Bronson, without justification, and while Plaintiff was still in handcuffs, discharged chemical spray at Plaintiff.

28. After the chemical spray was discharged at Plaintiff, the officers and sergeant, acting collectively and in concert with each other, physically attacked Plaintiff by, among other things, throwing Plaintiff to the ground and kicking and punching Plaintiff.

29. Flores, McCormick, and Vondracek then dragged Plaintiff on the ground out of his cell, and continued to drag him down the gallery, and eventually to the facility infirmary.

30. En route to the infirmary, the officers continued their physical attack on Plaintiff, which at one point included pushing Plaintiff down a set of stairs.

31. At some point after Plaintiff was brought to the infirmary, Flores and Vondracek continued their attack on Plaintiff by, among other things, punching Plaintiff and choking him into unconsciousness.

32. Each of the Defendants herein observed the various physical attacks and uses of excessive force against Plaintiff by the co-Defendants, and each had multiple, reasonable opportunities to intervene to prevent and/or stop those attacks.

33. Despite these multiple, reasonable opportunities, each of the Defendants deliberately failed and refused to intervene to prevent and/or stop these attacks.

34. The aforementioned acts by Defendants were intentional, malicious, and sadistic, and were undertaken for the specific purpose of causing Plaintiff to endure pain and suffering, and were not undertaken in a good-faith effort to maintain or restore discipline.

35. As a result of the aforementioned acts by Defendants, Plaintiff sustained multiple and severe physical and emotional injuries, including but not limited to multiple

facial fractures, injuries to the left eye and left ear, and multiple bruises to the face and body, endured and will continue to endure pain and suffering and loss of enjoyment of life, and has been otherwise damaged.

### FIRST CAUSE OF ACTION
### (42 USC § 1983: Eighth Amendment)

36. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

37. The aforementioned actions by Defendants were in violation of the rights guaranteed to Plaintiff under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

38. That as a result thereof, Plaintiff is entitled to recover damages from Defendants pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff seeks judgment on the aforementioned cause of action against Defendants for compensatory damages and punitive damages in amounts to be determined by the trier of fact, and Plaintiff also seeks attorney's fees against Defendants pursuant to 42 U.S.C. § 1988, and Plaintiff seeks interest, costs, and disbursements of this action.

Dated:  New York, New York
        March 20, 2025

                                                  Yours, etc.
                                                  Sivin, Miller & Roche LLP

                                                  By s/ *David Roche*
                                                  David Roche
                                                  Attorneys for Plaintiff
                                                  20 Vesey St., Suite 1400
                                                  New York, NY  10007
                                                  (212) 349-0300